# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **TERESA HUNTER,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 7:13-CV-2142-VEH |
| | ) |
| **NANCY A. BERRYHILL, ACTING** | ) |
| **COMMISSIONER, SOCIAL** | ) |
| **SECURITY ADMINISTRATION,** | ) |
| | ) |
|    **Defendant.** | |

## MEMORANDUM OPINION AND ORDER

On December 19, 2016, Robert A. Morgan ("Mr. Morgan"), attorney for Plaintiff Teresa Hunter ("Ms. Hunter"), moved for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $18,521.02 for 20.2 hours of work. (Doc. 29 at 1). On December 20, 2016, Mr. Morgan moved the Court to defer its ruling on his previous 406(b) Motion because he had been informed by Ms. Hunter that her son might have an auxiliary claim to back due benefits from which an attorney fee could be paid. (Doc. 25). The Commissioner[1] indicated to the

---

[1] Nancy A. Berryhill was named the Acting Commissioner on January 23, 2017. *See* https://www.ssa.gov/agency/commissioner.html. Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil

Court that she did not oppose Mr. Morgan's motion to defer the Court's ruling (doc.27), and the motion was subsequently granted. (Doc. 28).

On February 20, 2017, Mr. Morgan re-filed a Motion for Attorney's Fees pursuant to Section 406(b). (Doc. 29). On March 2, 2017, the Commissioner filed her response, objecting to the requested award because "[i]n light of the amount of time Plaintiff's counsel expended before this Court," it would constitute a "windfall." (Doc. 30 at 2). The Court has undertaken its duty to independently review the reasonableness of the fee and concludes that the fee is not reasonable. The motion is due to be **GRANTED**, although the fee award will be reduced.

Subparagraph 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a [represented] claimant . . . the court may determine and allow . . . a reasonable [attorney's fee], not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). Where the claimant and his attorney have executed a contingent-fee agreement, the Supreme Court has interpreted subsection 406(b) as requiring district courts to conduct a two-step analysis. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). First, the Court calculates whether the requested award falls "within the 25 percent limit." *Jackson*

---

Procedure, the Court has substituted Nancy A. Berryhill for Carolyn W. Colvin in the case caption above and **HEREBY DIRECTS** the clerk to do the same party substitution on CM/ECF.

*v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). If so, the agreement is presumptively reasonable. In step two, the Court must consider whether "the fee sought is [actually] reasonable for the services rendered," *Gisbrecht*, 535 U.S. at 807, and, if not, the presumption is overcome. Where the presumption is overcome, the Court may award a fee that is reasonable in its judgment. *See id.*

The standard set out in *Gisbrecht* is a framework that has been subsequently bolstered by Courts of Appeals.[2] "[C]ourts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case." *Jackson,* 601 F.3d at 1271 (citation omitted). Substandard representation, among other things, includes a complaint "submitted on boilerplate pleadings," where "no issues of material fact are present," and where "no legal research is apparent." *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989).

The reasonable fee reflects an enhancement, compared to the market rate for similar work, based on the risk of non-payment, because "payment for an attorney in a social security case is inevitably uncertain." *Wells v. Sullivan*, 907 F.2d 367, 370–71 (2d Cir. 1990). On the other hand, the quality of counsel and hours

---

[2] *Gisbrecht* resolved a circuit split over whether contingency agreements or the lodestar method were the appropriate means of determining attorney's fees under the Social Security Act.

3

expended are weak factors for assessing an award's reasonableness; they "bear little if any relationship to the results [*i.e.*, award amount] achieved." *Rodriquez*, 865 F.2d at 747. But the award must not be so disproportionate to the work performed that it gives the perception that counsel has won the Social Security lottery. *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (prohibiting a "windfall"); *cf. Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 559 (2010) (fee shifting statutes do not exist to enrich counsel).

Certain policy considerations should also inform the Court's judgment. Section 406 was enacted "to encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees." *Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir. 1970).[3] Contingent fees, in particular, "provide[] a critical incentive for able attorneys to practice in the social security field." *Wells*, 907 F.2d at 371. At the same time, the Court's review is the only defense for claimants, *see Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276 (11th Cir. 2006), against the gutting of their statutory entitlement by the "specialized Social-Security bar [that] charges uniform contingent fees (the statutory maximum of

---

[3] This is binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding on all federal courts in the Eleventh Circuit).

25%), which are presumably presented . . . on a take-it-or-leave-it-basis."
*Gisbrecht*, 535 U.S. at 812 (Scalia, J., dissenting).

Applying the above-stated principles, the Court finds a valid contingent fee agreement set at or below the statutory maximum contingency. (Doc. 29-1). Proceeding to step two, Mr. Morgan included an itemization of the hours he worked on the case, cumulating in a total of 20.2 hours. (Doc. 29-7). As for the attorney's fee, $22,353.70,[4] divided over 20.2 hours, comes out to approximately $1,106.62 per hour. (Doc. 30 at 5). This is a windfall. The Court is of the opinion that $250 per hour is a more accurate reflection of the market rate in this district for this kind of work, and the plaintiff's filings were average quality compared to the Social Security filings in this district. A rate of $250 per hour, multiplied by

---

[4] Mr. Morgan argues that the reasonableness of his 406(b) attorneys fee request should be assessed *after* subtracting his previously-received EAJA fee. In his calculation, the Court would take $28,353.70, which amounts to 25% of Ms. Hunter's past due benefits plus the attorney's fee from her son's past due benefits (doc. 29-4), and then subtract both $6,000 (the fee Mr. Morgan has already collected for services rendered at the administrative level, (doc. 29-5)) and $3,832.68 in EAJA fees (doc. 29-6). As the Commissioner points out, however, the reasonableness of Mr. Morgan's 406(b) attorneys fees should be calculated *prior* to the subtraction of the EAJA fee. *See* (Doc. 30 at 2 n.2) (internal citations omitted) ("Plaintiff's counsel states he is requesting an award of $18,521.02, but in fact, he is requesting an award of $22,353.70, and then deducting [his EAJA fee] in order to effectuate repayment of that money to Plaintiff. To the extent Plaintiff's counsel argues that the reasonableness of his fee should be determined after netting any EAJA fee award, his argument fails as he has cited no authority to support his position."); *see also Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271-74 (11th Cir. 2010). Even under Mr. Morgan's calculation, however, his fee request of $18,521.02, divided over 20.2 hours, would amount to an hourly rate of approximately $916.89 per hour. (Doc. 29 at 5). This is an unreasonable windfall for the services rendered.

20.2 hours, totals $5,050.00. Taking into account the required enhancement for the uncertainty of recovery, $7,575.00 appears to be a reasonable figure.

Accordingly, the Motion (doc. 29) is **GRANTED** as modified. It is **ORDERED** that attorney's fees in the amount of $7,575.00 be awarded to Robert A. Morgan. Mr. Morgan's first Motion for Section 406(b) attorneys fees (doc. 24) is hereby **TERMED** as **MOOT**.

**DONE** and **ORDERED** this 27th day of March, 2017.

                                    **VIRGINIA EMERSON HOPKINS**
                                    United States District Judge